UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BOARD OF TRUSTEES OF THE UNITED UNION OF )
ROOFERS, WATERPROOFERS & ALLIED WORKERS )
LOCAL UNION NO. 8 W.B.P. & A. FUNDS and THE )
UNITED UNION OF ROOFERS, WATERPROOFERS & )
ALLIED WORKERS LOCAL UNION NO. 8, )
)   Index No.: 19-cv-4464
                     Plaintiffs, )
)   **COMPLAINT**
-against- )
)
)
KEL-TECH CONSTRUCTION INC., )
)
)
                     Defendant. )

---

Plaintiffs, Board of Trustees of the United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 W.B.P. & A. Funds (hereinafter referred to as the "Funds") and the United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 (hereinafter referred to as the "Union") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This is a civil action based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 12-11 43rd Avenue, Long Island City, New York 11101 in the County of Queens.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of

the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. . The Union maintains an office and is administered at 12-11 43rd Avenue, Long Island City, New York 11101 in the County of Queens.

10. Upon information and belief, the Defendant, Kel-Tech Construction Inc., (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 12-11 Redfern Avenue, Far Rockaway, New York 11691, in the County of Queens.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union by virtue of membership in an Employer Association.

13. The C.B.A. and/or Trust Indenture requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

14. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds and Union from the Employer contribution reports and benefit contributions. However, the benefit contributions were submitted in an untimely fashion.

15. The Employer has failed and refused to remit to the Funds and Union, the interest owed on late contributions for the period September, 2014, December, 2014, January, 2015, March, 2015 through to and including May, 2015, July, 2015 through to and including February, 2017, April, 2017 – October, 2017, December, 2017 – March, 2018, June, 2018 through to and including October, 2018, December, 2018 through to and including February, 2019 in the amount of $16,390.30, under the Agreement and in accordance with the Trust Indentures.

16. The Employer's failure, refusal or neglect to remit the interest owed on late contributions to the Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union wherein the Funds are third party beneficiaries.

17. Pursuant to the C.B.A. upon the Employer's failure to remit benefit fund contributions in a timely fashion and failure to remit the interest owed on late contributions to the fund office, the Employer is obligated to pay interest at the rate of 8% per annum.

18. In addition, should it become necessary to proceed with legal action to collect the interest owed on late contributions, the Employer shall be responsible for attorneys' fees at the hourly rate charged to the funds and court costs and disbursements incurred in collecting the late charges.

19. Accordingly, the Employer is liable to Plaintiffs for interest owed on late contributions for the period September, 2014, December, 2014, January, 2015, March, 2015 through to and including May, 2015, July, 2015 through to and including February, 2017, April, 2017 – October, 2017, December, 2017 – March, 2018, June, 2018 through to and including October, 2018, December, 2018 through to and including February, 2019 in the amount of $16,390.30, plus court costs and disbursements and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Pursuant to the C.B.A. and/or Trust Indenture, the Employer is required to timely remit benefit fund contributions to the fund office.

22. Upon information and belief, the Employer has in the past failed to timely remit benefit fund contributions to plaintiffs and is in breach of the C.B.A. and Trust Indenture.

23. During the course of the instant action, additional interest may become due and owing. If defendant fails to timely remit benefit fund contributions, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against defendant Kel-Tech Construction Inc., as follows:

On the First and Second Claims for Relief:

(a) In the minimum sum of $16,390.30 in interest owed on late contributions for the period September, 2014, December, 2014, January, 2015, March, 2015 through to and including May, 2015, July, 2015 through to and including February, 2017, April, 2017 – October, 2017, December, 2017 – March, 2018, June, 2018 through to and including October, 2018, December, 2018 through to and including February, 2019.

(b) Attorneys' fees, court costs and disbursements as set forth in the C.B.A. and the Policy For Collection of Delinquent Contributions;

(d) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
August 1, 2019

Respectfully submitted,
BARNES, IACCARINO & SHEPHERD LLP

*Dana L. Henke*
Dana L. Henke
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515